# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENE STILP**, | : | **CIVIL ACTION NO. 1:09-CV-0524** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN J. CONTINO** | : | |
| **and THOMAS W. CORBETT, JR.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This case involves a constitutional challenge to § 1108(k) of the Public Official

Employee Ethics Act ("Act"), 65 PA. CONS. STAT. § 1108(k).   Presently before the

court are the parties' cross-motions for summary judgment (Docs. 35, 39).  Plaintiff

Gene Stilp ("Stilp") seeks to permanently enjoin enforcement of § 1108(k), which

prohibits disclosure by any person of information relating to an ethics complaint,

preliminary inquiry, investigation, hearing, or petition for reconsideration that is

pending before the Pennsylvania State Ethics Commission ("Commission").   On

June 29, 2009, this court granted a preliminary injunction, in part, against

enforcement of § 1108(k) in so far as it prohibits a complainant from publicizing the

fact that he or she has filed a complaint with the Commission.  See Stilp v. Contino,

629 F. Supp. 2d 449 (M.D. Pa. 2009).  On July 22, 2010, the Third Circuit Court of

Appeals affirmed this court's decision to grant a preliminary injunction.  See Stilp

v. Contino, 613 F.3d 405 (3d Cir. 2010).  For the reasons that follow, the plaintiff's

motion for summary judgment (Doc. 35) will be granted, and the defendants'

motion for summary judgment (Doc. 39) will be denied.

# I.    BACKGROUND

## A.    Factual Background[1]

The parties are familiar with the facts, therefore they will only be briefly recounted.[2]  For a more detailed account, see Stilp, 629 F. Supp. 2d at 453-56.

In 1978 the Pennsylvania General Assembly created the Pennsylvania State Ethics Commission ("Commission"), an independent state administrative agency, to enforce the provisions of the Public Official and Employee Ethics Act ("Act").  (Doc. 40 ¶ 2; Doc. 45 ¶ 2).  The purpose of the Act is to prevent financial conflicts of interest between a public official's duties as an employee of the state and his or her private financial affairs.  (Doc. 40 ¶ 2; Doc. 45 ¶ 2).  Individuals who believe a public official has violated the Act may file a complaint with the Commission.  Under the Act, individuals who file a complaint are subject to a confidentiality requirement. The Act states:

> (k) Confidentiality. – As a general rule, no person shall disclose or acknowledge to any other person any information relating to a complaint, preliminary inquiry, investigation, hearing or petition for reconsideration which is before the commission.  However, a person may disclose or acknowledge to another person matters held confidential in accordance with this subsection when the matters pertain to any of the following:
> (1) final orders of the commission as provided in subsection (h);
> (2) hearings conducted in public pursuant to subsection (g);

---

[1]  Given the applicable standard of review, the court will present the facts in the light most favorable to the non-moving party with respect to each motion.  See infra Part II.

[2]  The parties have agreed by stipulation (Doc. 30) to proceed to final disposition on the matter based on the record created at the preliminary injunction hearing and to engage in no further discovery.  See Fed. R. Civ. P. 65(a)(2).

(3) for the purpose of seeking advice of legal counsel;

(4) filing an appeal from a commission order;

(5) communicating with the commission or its staff, in the course of a preliminary inquiry, investigation, hearing or petition for reconsideration by the commission;

(6) consulting with a law enforcement official or agency for the purpose of initiating, participating in or responding to an investigation or prosecution by the law enforcement official or agency;

(7) testifying under oath before a governmental body or a similar body of the United States of America;

(8) any information, records or proceedings relating to a complaint, preliminary inquiry, investigation, hearing or petition for reconsideration which the person is the subject of; or

(9) such other exceptions as the commission by regulation may direct.[3]

65 PA. CONS. STAT. § 1108(k). The Commission provides six reasons for the provision: to prevent an individual from disclosing the filing of complaints in order to manipulate the electoral process (Def. Hr'g Ex. 3, Legislative Journal of the Pennsylvania General Assembly of 1989, No. 14 at 251-55), to prevent use of the complaint process to undermine ongoing proceedings in another matter (Hr'g T. at 54-55), to prevent use of the complaint process as a means of retaliation (id. at 56-57), to allow Commission investigations to be carried out more effectively (id. at 57-60), to prevent damage to the reputation of government officials (id. at 60), to prevent an individual from filing complaints in an attempt to unduly influence the decisions of another governmental body (id. at 60-62), and to prevent the use of

---

[3] Two additional exceptions were added by regulation in 2001: (1) "The publication or broadcast of information legally obtained by the news media regarding a confidential Commission proceeding," 51 PA. CODE § 21.6(a)(9), and (2) "The divulgence by individuals who are interviewees or witnesses as to confidential Commission proceedings regarding information that was already in their possession or the disclosure of their own statements." Id. § 21.6(a)(10).

complaints to advance the political agenda of some while reducing the credibility of the Commission as a non-partisan agency. (<u>Id.</u>; <u>see</u> <u>also</u> Doc. 40 ¶¶ 20-26; Doc. 45 ¶¶ 20-26).[4]

The Commission lacks authority to bring causes of action for violation of the provision, but it may refer violations to the state attorney general for prosecution.[5] <u>Id.</u> § 1107(13). Under Commission interpretation of the rules, a complainant violates the rule if he or she publicizes the fact of filing a complaint *before or after* actually filing the complaint, regardless of the complaint's validity.[6]

On November 28, 2007, plaintiff Gene Stilp ("Stilp") issued a press release to various members of the media stating, *inter alia*, that "the Pennsylvania State Ethics Commission will be asked to investigate the use of taxpayer funds for political purposes. The contracts totaled $290,000 during 2007. [T]he complaint is attached." (Doc. 4 Ex. A; <u>see also</u> Doc. 38 ¶ 1; Doc. 46 ¶ 1). The following day, the Commission issued a letter to Stilp stating that his claim would not be pursued

---

[4] Although Stilp does not agree that the Act confidentiality provision satisfies these purported reasons, Stilp does not deny that these are the reasons put forth by John J. Contino ("Contino"), Executive Director of the State Ethics Commission, as the basis for the confidentiality provision.

[5] Violation of the confidentiality provision is a misdemeanor punishable by a fine of not more than $1,000, or imprisonment of not more than one year, or both. 65 Pa. Cons. Stat. § 1109(e).

[6] In the 1998 Commission decision, <u>In re Clarence Rittenbaugh</u>, File Docket 97-019-C2 (Doc. 4, Ex. D), the Commission interpreted subsection § 1108(k) to be applicable both before and after filing of the complaint. Contino, Executive Director of the Commission and a defendant in the present action, testified at the preliminary injunction hearing that the provision applies regardless of the merits of the complaint. (Doc. 16 at 80). Thus, a complainant who files a meritorious complaint against a state official is nevertheless subject to potential sanction for disclosing the fact of filing a complaint.

because he failed to identify a specific individual about whom the complaint referred. (Doc. 4 Ex. B; see also Doc. 38 ¶ 4; Doc. 46 ¶ 4). Stilp received a letter dated January 31, 2008, from the Commission stating that Stilp was the subject of an investigation because Stilp disclosed his complaint to the media in violation of § 1108(k) of the Act.[7] (Doc. 38 ¶ 5; Doc. 46 ¶ 5). On October 16, 2008, Stilp entered a consent decree with the Commission, acknowledging violation of the confidentiality provision and agreeing to pay a $500 fine. (Doc. 4 Ex. E; see also Doc. 40 ¶ 31, Doc. 45 ¶ 31). Stilp, a self-described "leading critic[] of the [Pennsylvania] state legislature" (Doc. 16 at 7), would like to file other complaints with the Commission and publicize these filings but fears criminal and civil liability.

### B.  Procedural History

On March 20, 2009, Stilp filed the present action pursuant to 42 U.S.C. § 1983 against the Commission,[8] John J. Contino ("Contino"), Executive Director of the State Ethics Commission, in his official capacity, and Pennsylvania Attorney General Thomas Corbett, Jr. ("Corbett") in his official capacity (collectively, "defendants"), to enjoin enforcement of § 1108(k) as a violation of First Amendment free speech rights, both on its face and as applied to Stilp. (Doc. 1-3). After a preliminary injunction hearing (Doc. 16) on April, 1, 2009, this court entered an order preliminarily enjoining enforcement of § 1108(k) (see Doc. 24). Defendants

---

[7]  The Commission also investigated Stilp for possible violation of Act provisions that prohibit filing complaints not supported by probable cause. (Doc. 40 ¶ 30). By consent decree, the parties agreed that there was insufficient evidence to find that Stilp violated those provisions. (Id. ¶ 31).

[8]  The parties stipulated to the dismissal of the Pennsylvania State Ethics Commission based on Eleventh Amendment immunity. (See Doc. 23).

appealed entry of the preliminary injunction. (Doc. 27). On August 31, 2009, while the interlocutory appeal on the entry of the preliminary injunction was pending, the parties filed cross-motions for summary judgment. (Doc. 35, 39). On July 22, 2010, the Third Circuit affirmed entry of the preliminary injunction. <u>See</u> <u>Stilp</u>, 613 F.3d 405. The motions for summary judgment are now ripe for disposition. (<u>See</u> Docs. 35-46).

## II.   <u>STANDARD OF REVIEW</u>

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. <u>See</u> Fed. R. Civ. P. 56(c). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. <u>Pappas v. City of Lebanon</u>, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); Fed. R. Civ. P. 56(e); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250-57 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-89 (1986); <u>see also</u> Fed. R. Civ. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. <u>Pappas</u>, 331 F. Supp. 2d at 315.

In the instant matter, the parties have filed cross-motions for summary judgment. The court is permitted to resolve cross-motions for summary judgment concurrently. <u>See</u> <u>InterBusiness Bank, N.A. v. First Nat'l Bank of Mifflintown</u>, 318 F. Supp. 2d 230, 235 (M.D. Pa. 2004); 10A Charles A. Wright et al., Federal

6

PRACTICE AND PROCEDURE § 2720 (3d ed. 1998).  According to the Third Circuit

Court of Appeals:

> Cross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.

Lawrence v. City of Phila., 527 F.3d 299, 310 (3d Cir. 2008) (quoting Rains v. Cascade

Indus., Inc., 402 F.2d 241, 245 (3d Cir. 1968)).  When confronted with cross-motions

for summary judgment, the court is bound to view the evidence in the light most

favorable to the non-moving party with respect to each motion.  FED. R. CIV. P. 56;

see also Lawrence, 527 F.3d at 310.

## III.   **DISCUSSION**

Stilp alleges that his First Amendment right to speech was unconstitutionally

infringed, a claim that is actionable against defendants pursuant to 42 U.S.C. § 1983.

Section 1983 affords an avenue of relief when official action deprives an individual

of his or her First Amendment rights.  See Monell v. Dep't of Soc. Servs., 436 U.S.

658, 690 (1978); see also Burnett v. Graham, 468 U.S. 42, 43-48 (1984) (assuming

applicability of § 1983 as remedy for contravention of constitutionally protected

speech).  To enjoin application of an unconstitutional state statute under § 1983, a

plaintiff must bring suit against those officials charged with enforcement of the

contested measure.  See Kentucky v. Graham, 473 U.S. 159, 166-67 & n.14 (1985); Ex

Parte Young, 209 U.S. 123, 153-61 (1908).  Accordingly, Stilp identifies Contino and

Corbett as responsible for enforcement of § 1108(k) of the Act, and he seeks

injunctive relief to conform defendants' official conduct to the contours of the First Amendment. Specifically, Stilp requests that the court permanently enjoin enforcement of the Act confidentiality provision as to: (1) the fact of filing, and (2) the contents of a filing.[9] Defendants urge the court to hold, as a matter of law, that § 1108(k) of the Act is a constitutional restriction on speech.

Before a court may grant a permanent injunction, the plaintiff must satisfy a four-factor test.

> A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) (citing Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-13, 102 S. Ct. 1798, 72 L.Ed. 2d 91 (1982); Amoco Production Co. v. Gambell, 480 U.S. 531, 542, 107 S. Ct. 1396, 94 L.Ed. 2d 542 (1987)). Unlike at the preliminary injunction stage, "[i]n deciding whether a permanent injunction should be issued, the court must determine if the plaintiff has actually succeeded on the merits (i.e. met its burden of proof)." Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc., 747 F.2d 844, 850 (3d Cir. 1984). The court will address whether summary judgment is warranted as to the fact of filing. Thereafter, the

---

[9] This case concerns itself only with disclosure of the fact of filing a complaint by an individual who is aware of the complaint and its contents from his or her own independent sources, *i.e.*, his or her own testimony to the Commission or sworn statement of complaint. The court does not address whether a private citizen's First Amendment rights are violated when he is subject to sanction under § 1108(k) for disclosing information obtained *through his participation* in a Commission proceeding.

court will briefly explain why it need not consider Stilp's request to extend the injunction of §1109(k) to cover the contents of filing.

**A.      Section 1108(k)'s Prohibition on Disclosure of the Fact of Filing**

**1.      Irreparable Injury**

When a request for injunctive relief is based on a First Amendment challenge, the first prong of the injunctive relief analysis is the most significant, and is, essentially, a determination of whether a constitutional violation has occurred. Brown v. City of Pittsburgh, 543 F. Supp. 2d 448, 484 (W.D. Pa. 2008) (citing ACLU v. Ashcroft, 322 F.3d 240, 250-51 (3d Cir. 2003)). This Circuit recognizes that the violation of a fundamental right, such as one's First Amendment freedoms, "for even minimal periods of time unquestionably constitutes irreparable injury." Swartzwelder v. McNeilly, 297 F.3d 228, 241 (3d Cir. 2002) (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976) (plurality opinion)) (citing Abu-Jamal v. Price, 154 F.3d 128, 136 (3d Cir. 1998)).

The First Amendment prohibits government from "abridging the freedom of speech." U.S. Const. amend. I. Content-based restrictions on speech are 'presumptively invalid' and are subject to the most exacting standard of scrutiny. See Ysursa v. Pocatello Educ. Ass'n, --- U.S. ---, 129 S. Ct. 1093, 1098 (2009) (quoting Davenport v. Wash. Educ. Ass'n, 551 U.S. 177, 188 (2007)). In the instant matter, the parties agree that § 1108(k) represents a content-based restriction on speech subject to strict scrutiny. (See Doc. 3 at 10-11; Doc. 18 at 6).[10] Under a strict scrutiny

---

[10]  In the court's preliminary injunction opinion the court classified the restriction on speech as a subsequent penal restraint, rather than a prior restraint, but also noted that "the precise characterization is largely academic. Both a prior

analysis, a statute passes constitutional muster if: (1) it serves a compelling government interest; (2) it is narrowly tailored to achieve that interest; and, (3) it is the least restrictive means of advancing that interest. See ACLU v. Mukasey, 534 F.3d 181, 190 (3d Cir. 2008).

As a threshold matter, the court notes that the Supreme Court's decision in Landmark Commc'ns Inc. v. Virginia, 435 U.S. 829 (1978), is the applicable framework in which to analyze § 1108(k). Stilp, 613 F.3d at 410-13. As the Third Circuit concluded in its opinion affirming entry of the preliminary injunction in the instant matter, the disclosure of the filing of a complaint falls within the expression deemed protected by the First Amendment. Stilp, 613 F.3d at 414. Most importantly, the court is compelled to conclude that it is bound by the following cogent analysis of the Third Circuit:

> [t]he harm caused by disclosing the fact that an Ethics Act complaint was filed, regardless of whether the complaint was frivolous or meritorious, is too negligible and remote to justify a blanket prohibition on such disclosure.
> To the extent the state has a compelling interest in preventing harm caused by frivolous or wrongful filings, Section 1108(k) is not narrowly tailored to achieve that interest. Filing and publicizing frivolous or false ethics complaints are independently proscribed by the Ethics Act, which subjects the filer to civil and criminal sanctions under Sections 1109(e) and 1110 as well as common law tort liability for defamation to the extent cognizable under New York Times Co. v. Sullivan. Those sanctions render Section 1108(k)'s prohibition cumulative and unnecessary.
> We hold that Section 1108(k), as construed by defendants to prohibit public disclosure of the fact that an Ethics Act complaint was filed, does not survive strict scrutiny and cannot be enforced. A blanket prohibition on disclosure of a filed complaint stifles political

restraint on speech and a subsequent penal sanction are presumptively illegal and must withstand the application of strict scrutiny to survive judicial review." Stilp, 629 F. Supp. 2d at 458 n.12 (internal quotations and citations omitted).

> speech near the core of the First Amendment and impairs the public's
> ability to evaluate whether the Ethics Commission is properly fulfilling
> its statutory mission to investigate alleged violations of the Ethics Act.

Id. at 415. Thus, Section 1108(k)'s prohibition on the fact of filing a complaint with

the Commission is unconstitutional, and, as such, enforcement of its provisions

causes irreparable injury. In the exercise of caution, however, the court will

address the six purportedly compelling interests proffered by the defendants in

support of their motion for summary judgment.

Those six government interests are: (1) to prevent disclosure of the filing of

complaints in order to manipulate the electoral process; (2) to prevent use of the

complaint process as a means of retaliation; (3) to prevent use of the complaint

process to undermine ongoing investigations of the complainant in other matters;

(4) to allow the Commission to carry out investigations more effectively; (5) to

prevent damage to the reputation of government officials where the allegations

were unfounded; and (6) to prevent filing of complaints in an attempt to unduly

influence the decisions of another governmental body. (Doc. 41 at 4-5). Each

proffered justification will be addressed briefly, as the Third Circuit found these

asserted interests to be "either identical to or less persuasive than those rejected"

by prior Supreme Court precedent. See Landmark Commc'ns, Inc. v. Virginia, 435

U.S. 829 (1978) (striking down a Virginia statute that prohibited disclosure of

information concerning proceedings before the state Judicial Inquiry and Review

Commission); Stilp, 613 F.3d at 414; see also Stilp, 629 F. Supp. 2d at 459-66

(discussing each proffered justification in detail).

### i. **Election Manipulation**

Defendants claim that, without the confidentiality provision, an individual could publicize the filing of a complaint close to an election for the purpose of undermining an opponent's campaign. (Doc. 16 at 47-50). This justification for confidentiality is not compelling, however, when one considers that, "there is no meaningful difference between publicizing allegations of unethical conduct on the eve of an election and doing so while also disclosing that an Ethics Act complaint was filed with the Commission. Either way, publicizing the allegation might conceivably affect the election. Such speech, unless false and malicious, is manifestly protected by the First Amendment." Stilp, 613 F.3d at 414 (citing New York Times Co. v. Sullivan, 376 U.S. 254 (1964)). Assuming *arguendo* that this interest is compelling, § 1108(k) is not narrowly tailored to serve this interest. The statute imposes a blanket prohibition on disclosure regardless of the timing of the disclosure. Defendant Contino has acknowledged that a more narrow restriction, such as a prohibition on disclosure of a complaint close to an election, would likely satisfy the Commission's concerns with respect to electoral manipulation. (See Hr'g T. at 82). Accordingly, the court concludes that the blanket prohibition on speech is overly broad to achieve the government's interest in preventing electoral manipulation.

### ii. **Retaliation**

Defendants assert § 1108(k)'s confidentiality requirement is necessary to prevent individuals from using the complaint process as a means of retaliation. Although certainly a legitimate concern, the government's interest in preventing

complaints filed strictly for retaliatory reasons does not justify the suppression of important political speech. In <u>New York Times v. Sullivan</u>, 376 U.S. at 273, the Supreme Court made clear that public officials are subject to higher levels of criticism as a consequence of their position in society. Public officials must demonstrate that civil tort remedies are unavailable before suppression of speech is constitutionally permissible. <u>See generally</u> <u>id.</u>; <u>see also</u> <u>Lind v. Grimmer</u>, 30 F.3d 1115, 1120 (9th Cir. 1994) (confidentiality provision overbroad where victim had not shown civil tort remedies to be unavailable).

Defendants' argument that other remedies are insufficient is without merit. Indeed, under § 1110(a)(1) of the Act, an individual who files a frivolous complaint is subject to liability. 65 PA. CONS. STAT. § 1110(a)(1). Sanctions are also available when a complaint lacks probable cause or is made for a purpose other than reporting a violation of the Act. <u>See</u> <u>id.</u> These provisions squarely address concerns of retaliatory filings without unduly impinging on the complainant's First Amendment rights. The court concludes, therefore, that a blanket confidentiality provision to address the Commission's concerns about retaliatory filings is unnecessary.

### iii.    <u>Interference with an Ongoing Investigation</u>

Defendants claim §1108(k) is necessary to "prevent individuals from using the complaint process to undermine [an] ongoing investigation of them in another matter." (Doc. 18. at 4). Again, a blanket prohibition is overbroad. There is no indication that the § 1110(a)(1) remedies or general civil tort remedies are ineffective as deterrents. Moreover, the Act itself contains criminal sanctions for

13

egregious conduct.  Specifically, individuals who willfully make false statements to the Commission are guilty of a felony and subject to a term of up to five years imprisonment.  <u>See</u> 65 Pa. Cons. Stat. § 1109(e) ("Any person who willfully affirms or swears falsely in regard to any material matter before a commission proceeding pursuant to section 1108 commits a felony.").[11]

### iv.    Influencing Governmental Decision Making

Defendants assert §1108(k) is necessary to prevent use of complaints to unduly influence the decision of another governmental body.  (Doc. 18 at 4-5).  The court rejects this assertion for two reasons.  First, the publication of a false or frivolous filing meant to influence government decision making is not protected by the First Amendment.  <u>Stilp</u>, 629 F. Supp. 2d at 464 (citing <u>Masson v. New Yorker Magazine</u>, 501 U.S. 496, 510-11 (1991) (no First Amendment protection when speech is knowingly false or made with reckless disregard for truth or falsity) and <u>Kamasinski v. Judicial Review Council</u>, 44 F.3d 106, 111 (2d Cir. 1994)).  Second,  a blanket disclosure provision such as § 1108(k) fails to address other less restrictive alternatives to prevent false or frivolous filings meant to influence government decision-making.

At the heart of First Amendment freedom of speech is the ability to comment on the conduct of public officials and thereby reasonably influence government action.  The filing and publication of a meritorious complaint charging unethical

---

[11]  Additionally, Title 18—the Crimes and Offenses Code—of the Pennsylvania Consolidated Statutes, also proscribes conduct that constitutes obstruction of the administration of law or government function.  <u>See</u> 18 Pa. Cons. Stat. § 5101 (making it unlawful for an individual to "obstruct[], impair[] or pervert[] the administration of law or other governmental function").

behavior is a linear method of commenting upon and influencing the public official in question.  See Stilp, 629 F. Supp. 2d at 464; Sullivan, 376 U.S. at 281 (heightened First Amendment protection with respect to public official's character).  Such political speech is afforded the highest protection available under the First Amendment.  See Meyer, 486 U.S. at 425 (First Amendment protection at zenith with core political speech).  Clearly, a blanket confidentiality provision to avoid "undue influence" is overbroad and does not survive strict scrutiny.

### v.  Reputational Damage

Defendants further assert that § 1108(k) is necessary to prevent unfounded complaints from damaging the reputation of government officials.  (Doc. 18 at 4).  Defendants acknowledge the tenuous nature of this assertion given the Supreme Court's holding that "absent exceptional circumstances, reputational interests alone cannot justify the proscription of truthful speech."  Butterworth v. Smith, 494 U.S. 624, 634 (1990).  Nonetheless, defendants assert that, when taken in conjunction with the other compelling reasons for § 1108(k)'s confidentiality provision, the need to prevent reputational damage is significant.   The court disagrees.  The Commission's interest in protecting public officials' reputations is an insufficient basis for § 1108(k)'s blanket prohibition.   Supreme Court precedent clearly establishes that "injury to official reputation is an insufficient reason 'for repressing speech that would otherwise be free.'" Landmark Commc'ns, Inc., 435 U.S. at 841-42 (quoting Sullivan, 376 U.S. at 272-73).

### vi. **Interference with Ongoing Commission Investigations**

Finally, defendants claim that §1108(k) is necessary for the Commission to "carry out investigations more effectively." (Doc. 18 at 4). The Commission relies heavily on voluntary cooperation and it argues that the confidentiality provision is necessary to facilitate that cooperation. Although the need to investigate allegations without unwarranted interference may be compelling, a blanket prohibition is not the least restrictive means to accomplish this goal. "The vast majority of deliberative bodies undertake investigations with full exposure to the public, and with no apparent ill effects." Lind, 30 F.3d at 1121 (rejecting assertion that blanket confidentiality is necessary to investigate breaches of campaign finance law). Defendants have not shown that a prohibition on the disclosure of a complaint is the least restrictive means to protect investigations from improper influence.

### vii. **Similar Confidentiality Provisions Found Unconstitutional**

The court is not alone in its conclusions. Other federal courts have found similar confidentiality provisions unconstitutional on First Amendment grounds. See Lind, 30 F.3d 1115 (holding unconstitutional the confidentiality provision applicable to investigations conducted by Hawaii's campaign spending commission); Providence Journal Co. v. Newton, 723 F. Supp. 846 (D.R.I. 1989) (invalidating Rhode Island Ethics Commission confidentiality provision); Doe v. Gonzalez, 723 F. Supp. 690 (S.D. Fla. 1988) (invalidating Florida State Ethics Commission confidentiality provision). Obviously, the conclusions of these courts

are not binding on this court, but I find them persuasive. Section 1108(k)'s blanket prohibition is unconstitutional and causes irreparable injury.

### 2. **Inadequacy of Legal Remedies**

"[I]njunctions are especially appropriate in the context of [F]irst [A]mendment violations because of the inadequacy of money damages." Nat'l People's Action v. Wilmette, 914 F2d 1008, 1013 (7th Cir. 1990) (citing Flower Cab Co. v. Petitte, 685 F.2d 192, 195 (7th Cir. 1982) ("In [First Amendment] cases the quantification of injury is difficult and damages are therefore not an adequate remedy.")). Money damages are insufficient to cure the First Amendment violation in this case; an equitable remedy is appropriate.

### 3. **Balance of Hardships**

The hardships faced by defendants are insufficient to justify infringement on Mr. Stilp's First Amendment rights. Many of the concerns put forth by the defendants as justifications for the confidentiality provision can be adequately addressed by other provisions of the Ethics Act, such as provisions against frivolous filings, and by common law tort remedies. See, e.g., 65 PA. CONS. STAT. §§ 1109(e), 1110. In contrast, the hardships faced by plaintiff lie at the very core of those freedoms protected by the First Amendment. See Meyer, 486 U.S. at 425. Restrictions on speech are particularly burdensome. Given the very purpose of the Pennsylvania State Ethics Act to guarantee the right of the citizenry "to be assured that the financial interests of holders of or nominees or candidates for public office do not conflict with the public trust," it is not a hardship on the defendants to permit free speech in furtherance of this very purpose.

17

### 4. **Public Interest**

Finally, in regards to the last element for a permanent injunction, it is incontrovertible that "[c]urtailing constitutionally protected speech will not advance the public interest." <u>ACLU v. Reno</u>, 217 F.3d 162, 180 (3d Cir. 2000), <u>vacated on other grounds sub nom.</u>, <u>Ashcroft v. ACLU</u>, 553 U.S. 973 (2001). As this court stated in the preliminary injunction opinion, there is "undoubtedly a strong public interest in preserving the free flow of political criticism and debate in the Commonwealth." 629 F. Supp. 2d at 467. Defendants concede that the public interest is not furthered by the continued enforcement of an unconstitutional statute. <u>Id.</u> (citing Doc. 18 at 5, n.7). The public interest will be enhanced, not disserved, by the issuance of a permanent injunction against enforcement of § 1108(k)'s blanket prohibition on the disclosure of the fact of filing a complaint with the Commission.

### B. **The Contents of Filing**

Stilp also requests that the court enjoin enforcement of §1108(k) as it relates to the contents of a filing. (Doc. 37 at 9). Such action is unnecessary. It has long been recognized that, "[i]n evaluating a facial challenge to a state law, a federal court must, of course, consider any limiting construction that a state court or enforcement agency has proffered." <u>Stilp</u>, 613 F.3d at 410 (quoting <u>Vil. Hoffman Estates v. Flipside, Hoffman Estates, Inc.</u>, 455 U.S. 489, 495 n.5 (1982)) (quotations omitted). The Commission has never applied § 1108(k) to the contents of a filing, instead construing it to prohibit only disclosure of the fact that a complaint has been or will be filed. Defendants, in their motion for summary judgment,

specifically note that "[s]ection 1108(k) only limits speech regarding the filing of the complaint and other matters directly relating to proceedings before the Commission.  It specifically does not apply to disclosures regarding information which was already known by a witness or interviewee, or disclosures of their own statements.  51 PA. CODE § 21.6(10)."  (Doc. 41 at 16).  "Stilp and other similar individuals are free to express their views regarding the issues of the day to the same extent as if they had never filed a complaint with the Commission."  (Id. at 18).  The Third Circuit in its opinion affirming the entry of the preliminary injunction in this matter, noted that the disclosure of the contents of the complaint is protected speech under its decision in First Amendment Coalition v. Judicial Inquiry and Review Board, 784 F.2d 467 (3d Cir. 1986). See Stilp, 613 F.3d at 406 n.1.

To be abundantly clear, public disclosure of the contents of a filing with the Commission is protected speech (at least where knowledge is previously acquired and not obtained through participation in a Commission investigation).  Therefore, the injunction need not be extended to speech already protected and not within the reach of § 1108(k)'s confidentiality provisions as construed by the Commission.

## IV.  CONCLUSION

The court concludes that there is no genuine issue as to any material fact to be resolved.  Section 1108(k) of Pennsylvania Public Official and Employee Ethics Act is an unconstitutional infringement on the First Amendment freedom of speech.  Stilp is entitled to judgment as a matter of law.  For the reasons set forth above, the court will permanently enjoin enforcement of § 1108(k) of the

Pennsylvania Public Official and Employee Ethics Act to the extent that it prohibits

the disclosure of the fact of filing a complaint with the Commission.

An appropriate order follows.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      September 30, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GENE STILP,** | : | **CIVIL ACTION NO. 1:09-CV-0524** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN J. CONTINO** | : | |
| **and THOMAS W. CORBETT, JR.,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 30th day of September, 2010, upon consideration of the parties' cross-motions for summary judgment (Doc. 35, 39), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 35) for summary judgment is GRANTED.

2. Defendant's motion (Doc. 39) for summary judgment is DENIED.

3. The Clerk of Court is directed to enter JUDGMENT in favor of plaintiff and against defendants.

4. Defendants are PERMANENTLY ENJOINED from enforcing 65 PA. CONS. STAT. § 1108(k) against a complainant who discloses the fact that he or she filed a complaint with the Commission.

5. The Clerk of Court is directed to CLOSE the case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge